UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:09-cv-23293-KMM

MATTIE LOMAX,

    Plaintiff,

v.

HARVEY RUVIN, *et al.*,

    Defendants.

_____ /

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Mattie Lomax's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 100), which the Clerk of Court has construed and entered on the docket as a Motion for Leave to Appeal *In Forma Pauperis*.[1]  The matter has been referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters.  (ECF No. 105).  Having reviewed the Motion, Plaintiff's *pro se* Notice of Appeal (ECF No. 98), the record as a whole, and being otherwise duly advised, the undersigned respectfully **RECOMMENDS** as follows.

---

[1] On January 22, 2020, District Judge Ursula Ungaro instructed the Clerk not to accept further filings in this action from Plaintiff unless "that pleading (1) is submitted and signed by an attorney who represents [Plaintiff] and who is a member in good standing of The Florida bar; **or** (2) is accompanied by payment of a filing fee; **or** (3) presents claims of imminent danger of serious physical injury."  (ECF No. 97 at 1–2) (emphasis in original).  Because Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* requests leave to appeal without prepayment of the filing fee, the Court should accept the Motion but deny it nonetheless for the reasons set out below.

1

To appeal *in forma pauperis*, a party must file in the district court a motion and an affidavit that: "(A) shows . . . the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a). Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. A court of the United States may authorize a party to proceed *in forma pauperis* upon an affidavit of indigency. *See* 28 U.S.C. § 1915(a); Fed. R. App. P. 24(a)(1).

An appeal, however, "may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(3)(A). A party who seeks appellate review of an issue does so in good faith if the issue is not frivolous from an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An *in forma pauperis* application is frivolous "if it is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). Alternatively, where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. *See Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

Here, the Motion alleges an inability to pay and states that Plaintiff believes Plaintiff is entitled to redress. *See* Fed. R. App. P. 24(a)(1)(A)–(B); (ECF No. 100 at 1) ("I am entitled to the relief requested."). However, the Motion fails to "state[] the issues that [Plaintiff] intends to present on appeal." Fed. R. App. P. 24(a)(1)(C). Nor does Plaintiff identify the issues Plaintiff intends to raise on appeal in the *pro se* Notice of Appeal (ECF No. 98), apart from identifying the Court's January 23, 2020 Order as the specific order from which she appeals. Indeed, Plaintiff attaches two other District Court orders and an opinion from the United States Court of Appeals

2

for the Eleventh Circuit to her Notice of Appeal without explaining in her Motion why those three other orders and opinions are relevant to her appeal.

Moreover, Plaintiff advances no explanation for her failure to comply with Federal Rule of Appellate Procedure 4(a), which generally provides for 30 days to file a notice of appeal. *See generally* Fed. R. App. P. 4(a). Plaintiff purports to appeal an order striking an Emergency Notice of Removal in a long-since closed civil rights action under 42 U.S.C. § 1983, approximately three years after the Court's Order was entered on the docket that she now appeals.

Accordingly, the Motion is procedurally deficient for failure to comply with Federal Rule of Appellate Procedure 24(a)(1).

Moreover, Plaintiff's appeal is not taken in good faith. In her Notice of Appeal, Plaintiff expressly appeals the January 22, 2020 Order of the District Court (ECF No. 97) to the United States Court of Appeals for the Federal Circuit.[2] (ECF No. 98). There is no basis for Plaintiff's assertion that any appeal would fall within the appellate jurisdiction of the United States Court of Appeals for the Federal Circuit, if at all. *Cf.* 28 U.S.C. § 1295. Indeed, this case was initiated in this Court in 2009 as a civil rights action under 42 U.S.C. § 1983, broadly construed. *See* (ECF Nos. 1, 13). As the District Court summarized in its January 11, 2011 Order Dismissing Amended Complaint, Plaintiff alleged that Defendants "conspired to falsely accuse Plaintiff of removing original court documents from a court file, and that these allegations resulted in the Circuit Court of the Eleventh Judicial Circuit of Miami-Dade County, Florida issuing a Summons to Plaintiff for a hearing to show cause." (ECF No. 41 at 2). The January 22, 2020 Order from which Plaintiff takes the instant appeal struck Plaintiff's Emergency Notice of Removal (ECF No. 96) as frivolous and vexatious; that Notice of Removal purportedly invoked the Court's diversity jurisdiction under

---

[2] The Order was entered on the docket on January 23, 2020.

28 U.S.C. § 1332. It is thus unclear what this case or this appeal has to do with any subject matter falling within the Federal Circuit's appellate jurisdiction. An appeal to the Federal Circuit in this case is objectively frivolous.

The Court has previously warned Plaintiff against the continued filing of frivolous or vexatious motions. *See* (ECF No. 98).

Accordingly, the undersigned respectfully **RECOMMENDS** that

(1) *Pro se* Plaintiff Mattie Lomax's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 100) be **DENIED**.

(2) The District Court **CERTIFY** that the instant appeal is **NOT TAKEN IN GOOD FAITH**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 24th day of April, 2023.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable K. Michael Moore

Mattie Lomax
P.O. Box 21986
Chicago, IL 60621
773-412-9187
Email: akalomax@gmail.com
PRO SE